| | |
|---|---|
| 1 | TANJA L. DARROW, Bar No. 175502 |
| | tdarrow@littler.com |
| 2 | CRISTEN R. HINTZE, Bar No. 318231 |
| | chintze@littler.com |
| 3 | LITTLER MENDELSON, P.C. |
| | 633 West 5th Street |
| 4 | 63rd Floor |
| | Los Angeles, CA 90071 |
| 5 | Telephone: 213.443.4300 |
| | Facsimile: 213.443.4299 |

Attorneys for Defendant
STARBUCKS CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRANT, | Case No. 2:18-cv-08927-SJO-KS |
| Plaintiff, | Assigned to Hon. S. James Otero |
| v. | **DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |
| STARBUCKS CORPORATION, CITY OF HAWTHORNE, and DOES 1 through 100, | |
| Defendants. | Date: September 9, 2019<br>Time: 10:00 a.m.<br>Courtroom: 10C |
| | Complaint Filed: July 9, 2018<br>(originally filed in Los Angeles Superior Court) |

**TO PLAINTIFF MICHAEL GRANT AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 9, 2019, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 10C of the above-entitled Court located at 350 W. First Street, Los Angeles, California, 90012, the Honorable Judge S. James Otero presiding, Defendant Starbucks Corporation ("Starbucks") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 56(b) and Local Rule 56 for summary judgment, or in the alternative, partial summary judgment, on the ground that there is no genuine issue of material fact as to Plaintiff Michael Grant's ("Plaintiff") alleged claims against Starbucks. Accordingly, Starbucks is entitled to judgment as a matter of law for the reasons set forth below.

Starbucks will move, and hereby does move, for an order adjudicating the following claims and/or issues:

**A.     FALSE IMPRISONMENT**

<u>ISSUE NO. 1</u>: Plaintiff Michael Grant's claim for False Imprisonment fails because Starbucks' communication to 911 and law enforcement, regarding suspected criminal activity, is absolutely privileged pursuant to section 47(b) of the California Civil Code.

**B.     NEGLIGENCE**

<u>ISSUE NO. 2</u>: Plaintiff Michael Grant's claim for Negligence fails because Starbucks' communication to 911 and law enforcement, regarding suspected criminal activity, is absolutely privileged pursuant to section 47(b) of the California Civil Code.

**C.     NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

<u>ISSUE NO. 3</u>: Plaintiff Michael Grant's claim for Negligent Infliction of Emotional Distress fails because Starbucks' communication to 911 and law enforcement, regarding suspected criminal activity, is absolutely privileged pursuant to section 47(b) of the California Civil Code.

### D. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

ISSUE NO. 4: Plaintiff Michael Grant's claim for Intentional Infliction of Emotional Distress fails because Starbucks' communication to 911 and law enforcement, regarding suspected criminal activity, is absolutely privileged pursuant to section 47(b) of the California Civil Code.

### E. DEFAMATION PER SE

ISSUE NO. 5: Plaintiff Michael Grant's claim for Defamation fails because Starbucks' communication to 911 and law enforcement, regarding suspected criminal activity, is absolutely privileged pursuant to section 47(b) of the California Civil Code.

### F. VIOLATION OF UNRUH CIVIL RIGHTS ACT

ISSUE NO. 6: Plaintiff Michael Grant's claim for Violations of the Unruh Civil Rights Act fails because Starbucks' communication to 911 and law enforcement, regarding suspected criminal activity, is absolutely privileged pursuant to section 47(b) of the California Civil Code.

ISSUE NO. 7: Plaintiff Michael Grant's claim for Violations of the Unruh Civil Rights Act also fails because he has no evidence of racial discrimination.

### G. DEPRIVATION OF RIGHTS

ISSUE NO. 8: Plaintiff Michael Grant's claim for Deprivation of Rights pursuant to 42 USC §§ 1983 and/or 1985 fails because Starbucks is not a "state actor" and did not act "under color of law."

### H. PUNITIVE DAMAGES

ISSUE NO. 9: Plaintiff Michael Grant's punitive damages claim fails because he cannot establish by clear and convincing evidence that an officer, director, or managing agent of Starbucks acted with any malice, oppression or fraud towards him, acted with advance knowledge and disregard for his rights or safety, or authorized or ratified any fraudulent, oppressive, or malicious conduct towards him.

1  This Motion is based upon this Notice of Motion and Motion, and the other
2  documents concurrently filed, including the Memorandum of Points and Authorities
3  filed in support of this Motion, the Statement of Undisputed Facts, Request for
4  Judicial Notice, Declaration of Tanja L. Darrow, and all Exhibits attached thereto, as
5  well as the pleadings, records and files in this case, and upon such other, further oral
6  and documentary evidence that may be presented at or before hearing on this matter.

7  This Motion is made following unsuccessful meet and confer efforts between
8  counsel that occurred in person, on June 24, 2019, pursuant to Local Rule 7-3.  *See*
9  Declaration of Tanja L. Darrow in support of Defendant Starbucks Corporation's
10 Motion for Summary Judgment, or in the alternative, Partial Summary Judgment, ¶ 4,
11 filed and served concurrently herewith.

Dated:   August 12, 2019

/s/ Tanja L. Darrow
TANJA L. DARROW
CRISTEN R. HINTZE
LITTLER MENDELSON, P.C.
Attorneys for Defendant
STARBUCKS CORPORATION, INC.

FIRMWIDE:165973318.1 055187.1083